**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| AJTZAC OSORIO, Luis David<br><br>Petitioner,<br><br>v.<br><br>ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility,<br>PATRICIA HYDE, Field Office Director;<br>TODD LYONS, Acting Director U.S. Immigrations and Customs Enforcement;<br>KRISTI NOEM, U.S. Secretary of Homeland Security; and PETE HEGSETH, U.S. Secretary of War;<br><br>Respondents. | ) | Case No. 1:25-CV-12678-DJC<br><br>**FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS** |

## INTRODUCTION

1. Petitioner Luis David Ajtzac Osorio is an 18-year-old Guatemalan national with approved Special Immigrant Juvenile Status who resides in New Bedford, Massachusetts.

2. Petitioner was unlawfully detained by federal agents on September 19, 2025, at approximately 6:30am, while on his way to work. Petitioner was a passenger in a van which was transporting him and other individuals to work when the vehicle was surrounded by Immigration and Customs Enforcement ("ICE") agents.

3. At the time of his arrest, Petitioner had been granted deferred action pursuant to 8 Code Fed. Regs. § 274a.12(c)(14) by U.S. Citizenship and Immigration Services ("USCIS").

4. Petitioner has no criminal history in the United States or, on information and belief, any other country.

5. Petitioner has no prior removal order.

6. There was no probable cause to justify the Petitioner's arrest during the morning of September 19, 2025.

7. There was and is no lawful basis for Petitioner's arrest and detention.

8. Petitioner is currently in ICE custody, confined at the Plymouth County Correctional Facility in the District of Massachusetts.

9. Petitioner is present in the United States and, on information and belief, the Department of Homeland Security ("DHS") has alleged or will allege that Petitioner was not previously admitted or paroled into the United States.

10. Petitioner cannot be subject to mandatory detention under 8 U.S.C. § 1225(b)(1), including because Petitioner does not meet the criteria for Expedited Removal. *See Make the Road New York v. Noem*, No. 25-190, 2025 WL 2494908, at *23 (D.D.C. Aug. 29, 2025).

11. Petitioner cannot be subject to mandatory detention under 8 U.S.C. § 1225(b)(2), including because, as a person already present in the United States, Petitioner is not presently "seeking admission" to the United States. *See Aguiriano v. Romero v. Hyde*, No. 25-11631, 2025 WL 2403827, at *1, 8-13, 17 (D. Mass. Aug. 19, 2025).

12. On information and belief, Petitioner was not, at the time of arrest, paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A), and therefore Petitioner could not "be returned" under that provision to mandatory custody under 8 U.S.C. § 1225(b) or any other form of custody. Petitioner is not subject to mandatory detention under § 1225 for this reason as well.

13. Instead, as a person arrested inside the United States and held in civil immigration detention, Petitioner is subject to detention, if at all, pursuant to 8 U.S.C. § 1226. *See Aguiriano*, 2025 WL 2403827, at *1, 8-13 (collecting cases).

14. Petitioner is not lawfully subject to mandatory detention under 8 U.S.C. § 1226(c), including because he has not been convicted of any crime that triggers such detention. *See Demore v. Kim*, 538 U.S. 510, 513-14, 531 (2003) (allowing mandatory detention under § 1226(c) for brief detention of persons convicted of certain crimes and who concede removability).

15. Accordingly, Petitioner is subject to detention, if at all, under 8 U.S.C. § 1226(a).

16. As a person detained under 8 U.S.C. § 1226(a), Petitioner must, upon his request, receive a custody redetermination hearing (colloquially called a "bond hearing") with strong procedural protections. *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021); *Doe v. Tompkins*, 11 F.4th 1, 2 (1st Cir. 2021); *Brito v. Garland*, 22 F.4th 240, 256-57 (1st Cir. 2021) (affirming class-wide declaratory judgment); 8 C.F.R. 236.1(d) & 1003.19(a)-(f).

17. Petitioner requests such a bond hearing.

18. However, on September 5, 2025, in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), the Board of Immigration Appeals issued a decision which purports to require the Immigration Court to unlawfully deny a bond hearing to all persons such as Petitioner.[1]

19. The responsible administrative agency has therefore predetermined that Petitioner will be denied a bond hearing.

20. Petitioner is being irreparably harmed by his ongoing unlawful detention without a bond hearing. *See Aguiriano*, 2025 WL 2403827, at *6-8 (no exhaustion required because "[o]bviously, the loss of liberty is a . . . severe form of irreparable injury" (internal quotation marks omitted)); *Flores Powell v. Chadbourne*, 677 F. Supp. 2d 455, 463 (D. Mass. 2010) (declining to require administrative exhaustion, including because "[a] loss of liberty may be an irreparable harm"); *cf.*

---

[1] The BIA's reversal and newly revised interpretation of the statute are not entitled to any deference. *See Loper Bright Ent. v. Raimondo*, 603 U.S. 369, 412-13 (2024).

*Brito v. Garland*, 22 F.4th 240, 256 (1st Cir. 2021) (citing *Bois v. Marsh*, 801 F.2d 462 468 (D.C. Cir. 1986), for proposition that "'[e]xhaustion might not be required if [the petitioner] were challenging her incarceration . . . or the ongoing deprivation of some other liberty interest'"). The Immigration Court lacks jurisdiction to adjudicate the constitutional claims raised by Petitioner, and any attempt to raise such claims would be futile. *See Flores-Powell*, 677 F. Supp. 2d at 463 (holding "exhaustion is excused by the BIA's lack of authority to adjudicate constitutional questions and its prior interpretation" of the relevant statute).

21. There is no statutory requirement for Petitioner to exhaust administrative remedies. *See Gomes v. Hyde*, No. 25-11571, 2025 WL 1869299, at *4 (D. Mass. July 7, 2025) ("[E]xhaustion is not required by statute in this context.").

22. Accordingly, there is no requirement for Petitioner to further exhaust administrative remedies before pursuing this Petition. *See Portela-Gonzalez v. Sec'y of the Navy*, 109 F.3d 74, (1st Cir. 1997) (explaining that, where statutory exhaustion is not required, administrative exhaustion not required in situations of irreparable harm, futility, or predetermined outcome).

## JURISDICTION

23. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus) and 28 U.S.C. § 1331 (federal question).

24. Venue is proper because Petitioner resides in Massachusetts is detained in Massachusetts, and on information and belief is detained in the District of Massachusetts.

## PARTIES

25. The Petitioner, Luis David Ajtzac Osorio, is an 18-year-old Guatemalan national who resides in New Bedford, Massachusetts.

26. Respondent Antone Moniz is the Superintendent of the Plymouth County Correctional Facility and is Petitioner's immediate custodian.

27. Respondent Patricia Hyde is the New England Field Office Director for U.S. Immigration and Customs Enforcement.

28. Respondent Todd Lyons is the Acting Director for U.S. Immigration and Customs Enforcement.

29. Respondent Kristi Noem is the U.S. Secretary of Homeland Security.

30. Respondent Pete Hegseth is the U.S. Secretary of War, formerly known as the Secretary of Defense. He is named because the Trump Administration has been transferring immigrant detainees to the custody of Hegseth's agency in order to fly them out of the country on military aircraft.

31. All respondents are named in their official capacities. One or more of the respondents is Petitioner's immediate custodian.

**FACTS**

32. Petitioner entered the United States on or about April 12, 2023, at the of 15. At the time of his arrival, he was designated an unaccompanied minor and placed in the custody of the Office of Refugee Resettlement.[2] At the time of his arrival, he was also served with a Notice to Appear and placed in removal proceedings.[3]

33. USCIS approved the Petitioner's Petition for Special Immigrant Juvenile Status on May 9, 2024.[4] On the same date, USCIS granted the Petitioner deferred action pursuant to 8 Code Fed. Regs. § 274a.12(c)(14).[5]

34. Petitioner applied for employment authorization which USCIS granted on June 24, 2024.[6]

35. On January 16, 2025, the Immigration Judge terminated the Petitioner's removal

[2] *See* Exhibit 1, ORR Verification of Release Form.
[3] *See* Exhibit 2, Notice to Appear dated April 13, 2023.
[4] *See* Exhibit 3, I-360 Approval Notice.
[5] *Id.*
[6] *See* Exhibit 4, Copy of Petitioner's Employment Authorization Document.

proceedings before the Executive Office for Immigration Court (EOIR).[7]

36. Petitioner was on his way to work during the morning of September 19, 2025 when ICE agents surrounded the van in which he was a passenger.[8]

37. The Petitioner did not make any attempts to evade the ICE officers because he was in possession of a valid employment authorization document, had been granted deferred action by USCIS, and his removal proceedings before the Immigration Court had already been terminated.[9] Petitioner was nevertheless forcibly grabbed and pinned to the ground by an ICE officer.[10]

38. The Petitioner attempted to explain to the ICE officers that he had a valid work permit, but was told by ICE officers that his work permit was, "[T]rash," and "…[N]o good here."[11]

39. Petitioner was chained and handcuffed, with shackles placed around his hands and his ankles and a chain tied around his waist, and then transported to the ICE Field Office in Burlington, Massachusetts.[12] He was eventually put on an airplane to be flown out of state.[13]

40. Petitioner was subsequently removed from the airplane before its departure.[14] On information and belief, the Petitioner was removed from the airplane pursuant to the Order Concerning Service of Petition and Stay of Transfer or Removal issued by this Court on September 19, 2025.

41. Petitioner was then transported back to the ICE Field Office in Burlington, Massachusetts. He was not given anything to eat by the ICE officers on September 19, 2025, and was only

---

[7] *See* Exhibit 5, Order of the Immigration Judge.
[8] *See* Exhibit 6, Declaration of Luis David Ajtzac Osorio at ¶ 2.
[9] Id at ¶ 3.
[10] Id at ¶ 4.
[11] Id at ¶ 7.
[12] Id at ¶ 8.
[13] Id at ¶ 13.
[14] Id.

able to eat because another detainee shared some of the food he had been given earlier in the day.[15] The Petitioner was given a small cup of oatmeal on the morning of September 20, 2025, more than 24 hours after his arrest.[16]

42. Petitioner was served with a Warrant for Arrest of Alien.[17] The Petitioner was also served with a Notice to Appear, recommencing removal proceedings in Immigration Court.[18] Upon information and belief, these documents were issued after the Petitioner had been in custody for over 14 hours.[19]

43. Petitioner was transported to the Plymouth County Correctional Facility on September 20, 2025, where he remains incarcerated.[20]

44. On September 25, 2025, the Petitioner's immigration attorney, Ondine Sniffin, received a Termination Notice, informing the Petitioner that the prior grant of deferred action was being terminated.[21] The notice is dated September 19, 2025. There were no changed circumstances to warrant the termination of the Petitioner's previously granted deferred action and, upon information and belief, USCIS terminated the grant of deferred action after the Petitioner was arrested.

45. Pursuant to the Notice to Appear, the Petitioner is scheduled to appear before the Immigration Court on October 2, 2025.

## CLAIMS FOR RELIEF

### COUNT ONE
### Violation of 8 U.S.C. 1226(a) and Associated Regulations

46. Petitioner repeats and re-alleges the allegations contained in the preceding paragraphs of

---

[15] *See* Exhibit 6, Declaration of Luis David Ajtzac Osorio at ¶ 18.
[16] Id at ¶ 17.
[17] *See* Exhibit 7, Warrant for Arrest of Alien dated September 19, 2025.
[18] *See* Exhibit 8, Notice to Appear dated September 19, 2025.
[19] Id at ¶ 15.
[20] Id at ¶ 20.
[21] *See* Exhibit 9, Deferred Action Termination Notice.

this Petition as if fully set forth herein.

47. Petitioner may be detained, if at all, pursuant to 8 U.S.C. § 1226(a).

48. Under § 1226(a) and its associated regulations, Petitioner is entitled to a bond hearing. *See* 8 C.F.R. 236.1(d) & 1003.19(a)-(f).

49. Petitioner has not been, and will not be, provided with a bond hearing as required by law.

50. Petitioner's continuing detention is therefore unlawful.

**COUNT TWO**
**Violation of Fifth Amendment Right to Due Process (Failure to Provide Bond Hearing Under 8 U.S.C. § 1226(a))**

51. Petitioner repeats and re-alleges the allegations contained in the preceding paragraphs of this Petition as if fully set forth herein.

52. Because Petitioner is a person arrested inside the United States and is subject to detention, if at all, under 8 U.S.C. § 1226(a), the Due Process Clause of the Fifth Amendment to the United States Constitution requires that Petitioner receive a bond hearing with strong procedural protections. *See Hernandez-Lara*, 10 F.4th at 41; *Doe*, 11 F.4th at 2; *Brito*, 22 F.4th at 256-57.

53. Petitioner has not been, and will not be, provided with a bond hearing as required by law.

54. Petitioner's continuing detention is therefore unlawful.

**COUNT THREE**
**Violation of Fifth Amendment Right to Due Process**
**(Failure to Provide an Individualized Hearing for Domestic Civil Detention)**

55. Petitioner repeats and re-alleges the allegations contained in the preceding paragraphs of this Petition as if fully set forth herein.

56. "In our society liberty is the norm, and detention prior to trial or without trial is the

carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987).

57. The Fifth Amendment's Due Process Clause specifically forbids the Government to "deprive[]" any "person . . . of . . . liberty . . . without due process of law." U.S. CONST. amend. V.

58. "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001); *see Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953) ("[A]liens who have once passed through our gates, even illegally, may be expelled only after proceedings conforming to traditional standards of fairness encompassed in due process of law"); *cf. Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 139-40 (2020) (holding noncitizens due process rights were limited where the person was not residing in the United States, but rather had been arrested 25 yards into U.S. territory, apparently moments after he crossed the border while he was still "on the threshold").

59. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty" protected by the Due Process Clause. *Zadvydas*, 533 U.S. 678 at (2001)

60. The Supreme Court has thus "repeatedly recognized that civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection," including an individualized detention hearing. *Addington v. Texas*, 441 U.S. 418, 425 (1979) (collecting cases); *see also Salerno*, 481 U.S. at 755 (requiring individualized hearing and strong procedural protections for detention of people charged with federal crimes); *Foucha v. Louisiana,* 504 U.S. 71, 81-83 (1992) (same for civil commitment for mental illness); *Kansas v. Hendricks,* 521 U.S. 346, 357 (1997) (same for commitment of

sex offenders).

61. Petitioner was arrested inside the United States and is being held without being provided any individualized detention hearing.

62. Petitioner's continuing detention is therefore unlawful, regardless of what statute might apply to purportedly authorize such detention.

**COUNT FOUR**
**Violation of Fifth Amendment Right to Due Process (Substantive Due Process)**

63. Petitioner repeats and re-alleges the allegations contained in the preceding paragraphs of this Petition as if fully set forth herein.

64. Because Petitioner is not being provided a bond hearing, the government is not taking any steps to effectuate its substantive obligation to ensure that immigration detention bears a "reasonable relation" to the purposes of immigration detention (*i.e.*, the prevention of flight and danger to the community during the pendency of removal proceedings) and is not impermissibly punitive. *See Zadvydas*, 533 U.S. at 690; *Demore*, 538 U.S. at 532-33 (Kennedy, J., concurring).

65. Petitioner's detention is therefore unlawful, regardless of what statute might apply to purportedly authorize such detention.

**COUNT FIVE**
**Violation of Fourth Amendment (Unreasonable Seizures)**

66. Petitioner repeats and re-alleges the allegations contained in the preceding paragraphs of this Petition as if fully set forth herein.

67. The Fourth Amendment guarantees that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing…the persons or

things to be seized." U.S. CONST. amend. IV.

68. Except at the border and its functional equivalents, the Fourth Amendment prohibits defendants from conducting a detentive stop to question a person without reasonable suspicion that a person is a noncitizen unlawfully in the United States. *United States v. Brignoni-Ponce*, 422 U.S. 873, 884 (1975) ("Except at the border and its functional equivalents, patrolling officers may stop vehicles only if they are aware of specific articulable facts, together with rational inferences therefrom, reasonably warranting suspicion that the vehicles contain aliens who may be illegally in the country.")

**COUNT SIX**
**Violation of 8 U.S.C. § 1357(a)(2)**
**(Warrantless Arrest Without Probable Cause of Flight Risk)**

69. Petitioner repeats and re-alleges the allegations contained in the preceding paragraphs of this Petition as if fully set forth herein.

70. 8 U.S.C. § 1357(a)(2) requires that arrests without a warrant be accompanied by "reason to believe" that an individual is "likely to escape before a warrant can be obtained for his arrest."

**PRAYER FOR RELIEF**

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1) Assume and maintain jurisdiction over this matter;

(2) Order that Petitioner shall not be transferred outside the District of Massachusetts;

(3) Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days;

(4) Declare that Petitioner's detention is unlawful;

(5) Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately, or,

in the alternative, provide Petitioner with a bond hearing and order Petitioner's release on conditions the Court deems just and proper;

(6) Award Petitioner his reasonable litigation costs and attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and

(7) Grant any further relief this Court deems just and proper.

Respectfully submitted,

**LUIS DAVID AJTZAC OSORIO,**

By his attorney,

Dated: September 30, 2025

/s/ Alexandra Peredo Carroll

Alexandra Peredo Carroll, BBO # 667400
Mabel Center for Immigrant Justice
200 Portland Street, 5th Floor
Boston, MA 02114
Tel. 617-417-4325

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: September 30, 2025

/s/ Alexandra Peredo Carroll

Alexandra Peredo Carroll, BBO # 667400
Mabel Center for Immigrant Justice
200 Portland Street, 5th Floor
Boston, MA 02114
Tel. 617-417-4325