# Exhibit 1

OMB Control No: 0970-0552

# U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES (HHS)
## OFFICE OF REFUGEE RESETTLEMENT (ORR)
*DIVISION OF UNACCOMPANIED CHILDREN OPERATIONS (DUCO)*
## VERIFICATION OF RELEASE

### VERIFICATION OF RELEASE

| | | | |
|---|---|---|---|
| Name of Minor: | Luis David Ajtzac Osorio | Aliases (if any): | |
| Minor's Date of Birth: | 05/09/2007 | Minor's A#: | 246879976 |

The Office of Refugee Resettlement (ORR) has released the above named minor from Federal custody pursuant to section 462 of the Homeland Security Act of 2002 and section 235 of the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 to the care of:



| | |
|---|---|
| Name of Sponsor: | Celso Osorio Tamup |
| Aliases (if any): | |
| Address: | 270 Nash Rd Apt 2 |
| City: | New Bedford |
| State: | MA |
| Zip Code: | 02746 |
| Telephone#: | 7743613426 |
| Relationship to Child: | Uncle (Non-Primary Caregiver) |

### ACKNOWLEDGEMENT OF THE SPONSOR CARE AGREEMENT

The above named sponsor has agreed to the provisions set forth in the *Sponsor Care Agreement,* pertaining to the minor's care, safety, and well-being, and the sponsor's responsibility for ensuring the minor's presence at all future proceedings before the Department of Homeland Security and the Department of Justice/Executive Office for Immigration Review (EOIR).

### FOR INTERNAL USE ONLY

| | |
|---|---|
| Name ORR care provider Facility | BCFS Harlingen |
| Date | 04/29/2023 |

THE PAPERWORK REDUCTION ACT OF 1995 (Pub. L. 104.13) Public reporting burden for this collection of information is estimated to average .10/hour per response, including the time for reviewing instructions, gathering and maintaining the data needed, and reviewing the collection of information. An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a currently valid OMB control number.

# Exhibit 2

DEPARTMENT OF HOMELAND SECURITY

# NOTICE TO APPEAR

**In removal proceedings under section 240 of the Immigration and Nationality Act:**

**Subject ID:384289064** **FINS #:1336780756**

**DOB: 05/09/2007**

File No: A246 879 976

**Event No:MCS2304000448**

In the Matter of:

Respondent: LUIS DAVID AJTZAC-OSORIO currently residing at:

(Number, street, city, state and ZIP code) (Area code and phone number)

☐ You are an arriving alien.

☒ You are an alien present in the United States who has not been admitted or paroled.

☐ You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:

1. You are not a citizen or national of the United States;
2. You are a native of GUATEMALA and a citizen of GUATEMALA ;
3. You arrived in the United States at or near HIDALGO, TX , on or about April 12, 2023 ;
4. You were not then admitted or paroled after inspection by an Immigration Officer.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended, in that you are an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to: ☐ 8CFR 208.30 ☐ 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

2009 West Jefferson Avenue, Suite 300 Harlingen TX US 78550

*(Complete Address of Immigration Court, including Room Number, if any)*

on a date to be set *(Date)* at a time to be *(Time)* to show why you should not be removed from the United States based on the charge(s) set forth above.

EDUARDO PEREYRA
Acting/Patrol Agent in Charge

*(Signature and Title of Issuing Officer) (Sign in ink)*

Date: April 13, 2023 DONNA, TEXAS

*(City and State)*

## Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are in removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 1003.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents that you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing. At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear, including that you are inadmissible or removable. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge. You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of voluntary departure. You will be given a reasonable opportunity to make any such application to the immigration judge.

**One-Year Asylum Application Deadline:** If you believe you may be eligible for asylum, you must file a Form I-589, Application for Asylum and for Withholding of Removal. The Form I-589, Instructions, and information on where to file the Form can be found at www.uscis.gov/i-589. Failure to file the Form I-589 within one year of arrival may bar you from eligibility to apply for asylum pursuant to section 208(a)(2)(B) of the Immigration and Nationality Act.

**Failure to appear:** You are required to provide the Department of Homeland Security (DHS), in writing, with your full mailing address and telephone number. You must notify the Immigration Court and the DHS immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:** If you become subject to a final order of removal, you must surrender for removal to your local DHS office, listed on the internet at http://www.ice.gov/contact/ero, as directed by the DHS and required by statute and regulation. Immigration regulations at 8 CFR 1241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after your departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Immigration and Nationality Act.

U.S. Citizenship Claims: If you believe you are a United States citizen, please advise the DHS by calling the ICE Law Enforcement Support Center toll free at (855) 448-6903.

**Sensitive locations:** To the extent that an enforcement action leading to a removal proceeding was taken against Respondent at a location described in 8 U.S.C. § 1229(e)(1), such action complied with 8 U.S.C. § 1367.

## Request for Prompt Hearing

To expedite a determination in my case, I request this Notice to Appear be filed with the Executive Office for Immigration Review as soon as possible. I waive my right to a 10-day period prior to appearing before an immigration judge and request my hearing be scheduled.

Before:

_(Signature of Respondent) (Sign in ink)_

BORDER PATROL AGENT

_(Signature and Title of Immigration Officer) (Sign in ink)_

Date: 04/13/2023

## Certificate of Service

This Notice To Appear was served on the respondent by me on April 13, 2023, in the following manner and in compliance with section 239(a)(1) of the Act.

☒ in person ☐ by certified mail, returned receipt # ________ requested ☐ by regular mail

☐ Attached is a credible fear worksheet.

☒ Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the SPANISH language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

**Refused to Sign**

_(Signature of Respondent if Personally Served) (Sign in ink)_

ELISEO GARCES, BORDER PATROL AGENT

_(Signature and Title of officer) (Sign in ink)_

# Exhibit 3

THE UNITED STATES OF AMERICA

# I-797 | NOTICE OF ACTION

DEPARTMENT OF HOMELAND SECURITY
U.S. CITIZENSHIP AND IMMIGRATION SERVICES

| Receipt Number<br>MSC2490467146 | | Case Type<br>I360 - PETITION FOR AMERASIAN, WIDOWER, OR SPECIAL IMMIGRANT |
|---|---|---|
| Received Date<br>02/12/2024 | Priority Date<br>02/12/2024 | Petitioner A246 879 976<br>AJTZAC OSORIO , LUIS DAVID |
| Notice Date<br>05/09/2024 | Page<br>1 of 1 | Beneficiary A246 879 976<br>AJTZAC OSORIO , LUIS DAVID |

LAW OFFICE OF ONDINE G SNIFFIN
c/o ONDINE GALVEZ SNIFFIN
11 S. ANGELL ST. 495
PROVIDENCE RI 02906

Notice Type: Approval Notice
Class: SL6
Section: Special Immigrant-Juvenile

I-797 Approval Notice for **Form I-360, Petition for Amerasian, Widow(er), or Special Immigrant** with Deferred Action.

USCIS has approved the above petition.

**Grant of Deferred Action:**

Your **Form I-360** petition has been approved, but you do not yet have a visa available to file an application for adjustment of status. USCIS has determined that you warrant a favorable exercise of discretion to receive deferred action. As a result, you have been placed in deferred action and you may be issued an employment authorization document. Deferred action is an act of administrative convenience to the government which gives some cases lower priority for removal from the United States for a specified period of time.

Your grant of deferred action will remain in effect for a period of four years from the date of this notice unless terminated earlier by USCIS.

Pursuant to 8 CFR Sec. 274a.12(c)(14), a noncitizen with approved deferred action is eligible to apply for employment authorization with the appropriate fee. If you would like to apply for employment authorization, you must properly file Form I-765, Application for Employment Authorization, and enter eligibility category (c)(14). You will receive separate correspondence regarding the adjudication of your Form I-765 once it is filed.

If you are represented by an attorney, all further correspondence should be accompanied by Form G-28, Notice of Entry of Appearance as Attorney or Accredited Representative.

USCIS will notify you separately about any other cases you have filed.

**This form is not a visa, nor may you use it in place of a visa.**

**This form does not constitute employment authorization, nor may you use it in place of an Employment Authorization Document.**

Please see the additional information on the back. You will be notified separately about any other cases you filed.

**USCIS encourages you to sign up for a USCIS online account. To learn more about creating an account and the benefits, go to https://www.uscis.gov/file-online.**

National Benefits Center
U.S. CITIZENSHIP & IMMIGRATION SVC
P.O. Box 648003
Lee's Summit MO 64002

**USCIS Contact Center: www.uscis.gov/contactcenter**

# Exhibit 4



UNITED STATES OF AMERICA
EMPLOYMENT AUTHORIZATION

Surname
AJTZAC OSORIO
Given Name
LUIS D
USCIS# 246-879-976
Category C14
Card# IOE0926119074
Terms and Conditions
None
Date of Birth
09 MAY 2007
Sex
M
Country of Birth
Guatemala
Valid From: 06/24/24
Card Expires: 05/08/28

NOT VALID FOR REENTRY TO U.S.



FORM I-766
Rev (12-2021) 49640959

UNITED STATES OF AMERICA
09 MAY 2007 M

This card is not evidence of U.S. citizenship or permanent residence.
This document is void if altered, and may be revoked by the U.S. Government.
The person identified is authorized to work in the U.S. for the validity of this card.

123C If found, drop in any US Mailbox. USPS: Mail to 7 Product Way, Lees Summit, MO 64002

IAUSA2468799768IOE0926119074<<
0705095M2805081GTM<<<<<<<<<<<5
AJTZAC<OSORIO<<LUIS<DAVID<<<<<

# Exhibit 5

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**BOSTON IMMIGRATION COURT**

Respondent Name:
AJTZAC-OSORIO, LUIS DAVID
To:
Sniffin, Ondine Galvez
11 S. ANGELL ST. 495
PROVIDENCE, RI 02906

A-Number:
246879976
Riders:
In Removal Proceedings
Initiated by the Department of Homeland Security
Date:
01/16/2025

**ORDER OF THE IMMIGRATION JUDGE**

☑ Respondent ☐ the Department of Homeland Security has filed a motion to terminate these proceedings, and the non-moving party was accorded notice and an opportunity to respond. The motion is ☐ opposed ☑ unopposed.

After considering the facts and circumstances, the immigration court orders that the motion to terminate is ☑ granted ☐ with ☑ without prejudice ☐ denied because:

☐ The Department of Homeland Security ☐ met ☐ did not meet its burden of proving by clear and convincing evidence that Respondent is removable as charged. 8 C.F.R. § 1240.8(a).

☐ Respondent ☐ met ☐ did not meet the burden of proving that Respondent is clearly and beyond a doubt entitled to admission to the United States and is not inadmissible as charged. 8 C.F.R. § 1240.8(b)-(c).

☐ Other.

☑ Further analysis/explanation:

The respondent is the beneficiary of an approved special immigrant juvenile petition. This will allow the United States Citizenship and Immigration Services to adjudicate the application for adjustment of status in keeping with Matter of Coronado Acevedo, 28 I&N Dec. 648 (AG 2022).

Immigration Judge: O'Sullivan, Maureen 01/16/2025

Appeal: Department of Homeland Security: ☐ waived ☐ reserved
Respondent: ☐ waived ☐ reserved

Appeal Due:

**Certificate of Service**

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable

To: [ ] Noncitizen | [ ] Noncitizen c/o custodial officer | [ E ] Noncitizen's atty/rep. | [ E ] DHS

Respondent Name : AJTZAC-OSORIO, LUIS DAVID | A-Number : 246879976

Riders:

Date: 01/17/2025 By: RL, Court Staff

# Exhibit 6

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AJTZAC OSORIO, Luis David<br><br>Petitioner,<br><br>v.<br><br>ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility,<br>PATRICIA HYDE, Field Office Director;<br>TODD LYONS, Acting Director U.S. Immigrations and Customs Enforcement;<br>KRISTI NOEM, U.S. Secretary of Homeland Security; and PETE HEGSETH, U.S. Secretary of War;<br><br>Respondents. | Case No. 1:25-CV-12678-DJC |

**Declaration of Luis David Ajtzac Osorio**

I, Luis David Ajtzac Osorio, declare under penalty of perjury that the following is true and correct to the best of my knowledge and recollection.

1. My name is Luis David Ajtzac Osorio. I was born on May 9, 2007 in Quiché, Chinique, Guatemala. I turned 18 years old in May of this year.

2. On the morning of September 19, 2025, I was traveling in a van with approximately eight other co-workers on our way to work. I work painting boats. At approximately 6:30am, the van was surrounded by four cars that were labeled ICE. The van came to an abrupt stop and my co-workers opened the door and ran out of the van.

3. I was sitting next to the door so I stepped aside to let them pass. I did not run. My initial thought was, 'I have a work permit, I already went to court to see an immigration judge, I don't want to complicate things. I want to see what they want.' So, I stayed by the edge of the van.

4. In that moment, an ICE officer grabbed me by the head and threw me down on the ground. He grabbed my arms and put me on my knees. I then felt a sharp pain on my back, I don't know if it was the officer's knee or his elbow but he shoved me down and put me flat on the ground. As I was lying on the ground, with my arms and my head being held down, I told the officer, "Why are you doing this. I have a work permit, I am on my way to work." I said this in English. He asked me to see the work permit, and then he let go of my arms. I took my wallet out of my pants and showed him my work permit. He said he needed to check it. I stayed by the van, while he got the only other co-worker who was still in the van. He grabbed him and took him out of the van and handcuffed him and sat him on the edge of the van.

5. The officer did not handcuff me, but told me to sit on the edge of the van. Another ICE officer approached, and the officer who had shoved me on the ground showed him my work permit and I could hear him say, "He has a work permit." The other officer whispered something in his ear that I could not hear, and the officer who had taken my work permit then came back and handcuffed me. Then they took me and my co-worker into a car and drove for about 40 or 50 minutes.

6. The car we were in then pulled into what looked like the back of a police station where there were approximately 10 ICE vans and about 15 ICE officers. They took us out of the car, and I told another officer who was there, "I have papers for work." I said that to the officer in English. The officer said to me, "That's trash. Your papers are no good here." He said something else but I couldn't really understand. I didn't say anything else and kept quiet. He then proceeded to put cuffs around my feet and a chain around my waist that connected my handcuffs to the cuffs around my feet. The officer then put me inside a van.

7. A female ICE officer who spoke Spanish entered the van and asked me to tell her the names and addresses of my co-workers who had run out of the van. I told her that I didn't know their names or addresses because we didn't all work in the same place. That was just a van that took us to our individual work sites, depending on what boats we were going to paint. After she left, they put two other co-workers back in the van.

8. We stayed in the van for about 30 minutes and then we drove like an hour more or less. They didn't tell us where we were going. When we arrived, we saw signs that said Burlington and Boston. They brought us into a building and they took the belongings that we had. They took my phone, my keys, my wallet, and the jacket I was wearing. They then took the chains and handcuffs off and put us in a room.

**Detention Conditions at the ICE Field Office in Burlington, Massachusetts**

9. At the ICE office in Burlington, we were put in what I would describe as a medium-size room measuring approximately six meters by four meters. There were already about eight other men in that room when the three of us arrived. The room had concrete benches all around the walls and a toilet in the corner, and camera above the toilet. There was also a sink.

10. I believe it was around 11:30am when we got there. They gave me a bottle of water but nothing else. I had not eaten since the day before. I had my breakfast and lunch in my lunchbox that I was bringing to work and had hoped to eat around 7:00am before I started working. But my lunchbox was left in the van. I was very hungry.

11. One of my co-workers was called about an hour after we arrived and they took him out of the room. I learned later that he was allowed to leave.

12. At around 3:00pm, the officers came back and took about eight of us out of the room, including my other co-worker who had been brought in with me. Someone asked, "*¿A dónde nos llevan?*/Where are you taking us?" They asked in Spanish. The officer, who spoke Spanish said, "*Vamos al aeropuerto al avión a sus paises de una vez.*/We are going to the airport to an airplane directly to your countries." They then put chains around our waist and our feet, and again tied handcuffs to the chain. Then they took us back into a van and drove for about 40 minutes. I could see the time from a small window in the van and it was around 3:30pm.

13. We arrived at an airport – I don't know where it was but I could see airplanes and helicopters. They then took us out one by one. The officer tightened the handcuffs and the cuffs around

my feet and walked me into an airplane. I sat down and the officer put my seatbelt on. About ten minutes later, an ICE officer came into the plane and called my name and I was taken out of the airplane.

14. They then put me back on the van and drove back to the ICE Burlington Field Office. They put me in a different room than I had been in previously. The room was around the same size as before. There were around 25-30 other men in the room. I think it was around 6pm by then, as a rough estimate. I still had not eaten, but there was another man from Guatemala who asked me if I was hungry. He had been given a burrito earlier and he still had some leftover, so he gave it to me.

15. At around 8pm, an officer called me and took me to another room. He took my fingerprints and took my picture. I then went back to the room. About an hour later, another officer called me and told me that I had a hearing on October 2. I told him that I already had a juvenile visa that had been approved. He said in Spanish, "*La visa juvenil ya no sirve para nada porque ya tu tienes 18 años de edad. A ver que va a decidir la jueza si te quedas en Estados Unidos o te vas para tu país./*The juvenile visa is worth nothing now, because you are already 18 years old. Let's see what the judge says if you can stay in the United States or go back to your country." I asked if I could please make a phone call to my family, because I didn't know if anyone in my family knew what had happened to me. Another officer said in English, "Wait three minutes and then you can make a call." But he never let me make a phone call. They then asked me to sign a paper that the officer said was so that I could see the judge as soon as possible, if I wanted to.

16. I told one of the officers I was cold and he went back and got my jacket that I had been wearing when I came in. They then put me back into the room with the other men. At around 11pm and the officers came in and gave each of us aluminum blankets. There were around 30 men in the room at this point. There was no room in the concrete benches, so many were either standing or sitting on the ground. At some point everyone lied down on the ground. Everyone was very cold. There were no blankets or pillows. The light remained on the entire time.

17. In the next morning, they came in to give us a little cup of oatmeal. We knew it was around 8am because the men who had been held there for a few days said that around 8am was the time that they brought something to eat in the morning.

18. Around 10am, they came back and called about eight of us – they called us by name. They told us that we were going to be moved, but they did not tell us where we were going. They took us outside and put the chains back on. They put us back on the van.

19. We drove for about an hour more or less. The other men in the van fell asleep because they hadn't slept all night because they were so cold and uncomfortable. The van came to a very abrupt stop and all the men fell forward, hitting their heads on the seat in front because they had been asleep and their hands were in chains. They thought we had crashed, but it was just that the van stopped short. The ICE officers that were in the van laughed when this happened.

**Incarceration at the Plymouth County Correctional Facility**

20. We arrived at the jail in Plymouth and they took off our chains and checked if we were carrying anything. They then took us one by one and took our pictures and scanned our eyes. They then called us one by one so that we could be interviewed – the officer asked how old I was, how long I had been in the U.S., how I entered the U.S., if I had ever been detained by the police, if I ever smoked drugs or any other substances, if I drank, the names of my parents, and whether I had any allergies. I told him I don't drink. I don't smoke. I have never driven, so I have never driven without a license. I have never been arrested.

21. They then weighed me and asked me if I had any medical or psychological conditions. They gave me an apple and a sandwich. I asked for water and the officer said I could get water from the sink in the bathroom. They then took my clothes and gave us prison uniforms. They gave me a jail ID and put me in an area for the people detained by ICE.

22. Since Saturday, September 20, I have been detained in the Plymouth jail. I am still not quite sure what happened or why I am here. I already went to immigration court and my case was terminated. My lawyer explained I have the juvenile visa and I just need to wait but that I will be able to get my green card. I have a work permit. I have been working. I was supposed

to start an evening program at school so I could graduate. I was going to start this past Monday, September 22 in evening classes from 6:00-9:00pm, but instead I am here.

23. I am trying to remain calm and take each moment as it happens. I think I have remained calm throughout this process. However, since being detained, I now have lost a chunk of hair in the back of my head. Other detainees have told me this is because of stress.

24. I have tried to ask questions when possible about what is happening but haven't been given a lot of information. I would like to go back to work and I would like to go back to school. I have been working hard to support myself and my family. My older brother is sick in Guatemala and I regularly send money back home that helps with his care. I was just on my way to work when this happened.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_/s/ Luis David Ajtzac Osorio_____
Luis David Ajtzac Osorio

____9/26/2025____
Date

CERTIFICATE OF INTERPRETATION

I, Alexandra Peredo Carroll, am competent to translate and interpret from Spanish into English, and certify that I have read this entire document to the affiant in Spanish, and that the affiant stated that he understood the document.

/s/ Alexandra Peredo Carroll

Alexandra Peredo Carroll

# Exhibit 7

**U.S. DEPARTMENT OF HOMELAND SECURITY** **Warrant for Arrest of Alien**

File No. 246 879 976

Date: 09/19/2025

**To: Any immigration officer authorized pursuant to sections 236 and 287 of the Immigration and Nationality Act and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations**

I have determined that there is probable cause to believe that AJTZAC-OSORIO, LUIS is removable from the United States. This determination is based upon:

☒ the execution of a charging document to initiate removal proceedings against the subject;

☐ the pendency of ongoing removal proceedings against the subject;

☐ the failure to establish admissibility subsequent to deferred inspection;

☒ biometric confirmation of the subject's identity and a records check of federal databases that affirmatively indicate, by themselves or in addition to other reliable information, that the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law; and/or

☐ statements made voluntarily by the subject to an immigration officer and/or other reliable evidence that affirmatively indicate the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law.

**YOU ARE COMMANDED** to arrest and take into custody for removal proceedings under the Immigration and Nationality Act, the above-named alien.

[signature]
(Signature of Authorized Immigration Officer)

B 6725 WILLIAMS - SDDO
(Printed Name and Title of Authorized Immigration Officer)

**Certificate of Service**

I hereby certify that the Warrant for Arrest of Alien was served by me at Burlington, Massachusetts (Location)

on AJTZAC-OSORIO, LUIS (Name of Alien) on September 19, 2025 (Date of Service), and the contents of this

notice were read to him or her in the SPANISH (Language) language.

A 5267 JACKSON
DO [signature]
Name and Signature of Officer

Name or Number of Interpreter (if applicable)

Form I-200 (Rev. 09/16)

EOIR — 1 of 1

# Exhibit 8

DEPARTMENT OF HOMELAND SECURITY

# NOTICE TO APPEAR

DOB: 05/09/2007

Event No: BOS2509001362

**In removal proceedings under section 240 of the Immigration and Nationality Act:**

Subject ID: 400171132 FINS: 1336780756 File No: 246 879 976

In the Matter of:

Respondent: LUIS DAVID AJTZAC-OSORIO currently residing at:

26 Long Pond Rd. Plymouth, MASSACHUSETTS 02360 (774) 361-3426

(Number, street, city, state and ZIP code) (Area code and phone number)

☐ You are an arriving alien.

☒ You are an alien present in the United States who has not been admitted or paroled.

☐ You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:

1. You are not a citizen or national of the United States;
2. You are a native of GUATEMALA and a citizen of GUATEMALA;
3. You entered the United States at an unknown location, on an unknown date;
4. You were not then admitted or paroled after inspection by an Immigration Officer.
5. You are an immigrant not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Immigration and Nationality Act; and/or See Continuation Page Made a Part Hereof

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

See Continuation Page Made a Part Hereof

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to: ☐ 8CFR 208.30 ☐ 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

150 Apollo Drive, Suite 100 Chelmsford, Massachusetts 01824

*(Complete Address of Immigration Court, including Room Number, if any)*

on October 2, 2025 *(Date)* at 1:30 pm *(Time)* to show why you should not be removed from the United States based on the charge(s) set forth above.

A 8590 CAB[illegible]ERO - (a)SDDO

*(Signature and Title of Issuing Officer)*

Date: September 19, 2025

Burlington, Massachusetts

*(City and State)*

EOIR — 1 of 4

## Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are in removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 1003.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents that you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing. At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear, including that you are inadmissible or removable. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge. You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of voluntary departure. You will be given a reasonable opportunity to make any such application to the immigration judge.

**One-Year Asylum Application Deadline:** If you believe you may be eligible for asylum, you must file a Form I-589, Application for Asylum and for Withholding of Removal. The Form I-589, Instructions, and information on where to file the Form can be found at www.uscis.gov/i-589. Failure to file the Form I-589 within one year of arrival may bar you from eligibility to apply for asylum pursuant to section 208(a)(2)(B) of the Immigration and Nationality Act.

**Failure to appear:** You are required to provide the Department of Homeland Security (DHS), in writing, with your full mailing address and telephone number. You must notify the Immigration Court and the DHS immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:** If you become subject to a final order of removal, you must surrender for removal to your local DHS office, listed on the internet at http://www.ice.gov/contact/ero, as directed by the DHS and required by statute and regulation. Immigration regulations at 8 CFR 1241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after your departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Immigration and Nationality Act.

U.S. Citizenship Claims: If you believe you are a United States citizen, please advise the DHS by calling the ICE Law Enforcement Support Center toll free at (855) 448-6903.

**Sensitive locations:** To the extent that an enforcement action leading to a removal proceeding was taken against Respondent at a location described in 8 U.S.C. § 1229(e)(1), such action complied with 8 U.S.C. § 1367.

## Request for Prompt Hearing

To expedite a determination in my case, I request this Notice to Appear be filed with the Executive Office for Immigration Review as soon as possible. I waive my right to a 10-day period prior to appearing before an immigration judge and request my hearing be scheduled.

Before:

x ____________________
*(Signature of Respondent)*

#5267 Deportation Officer
*(Signature and Title of Immigration Officer)*

Date: 9/19/2025

## Certificate of Service

This Notice To Appear was served on the respondent by me on 9/19/25, in the following manner and in compliance with section 239(a)(1) of the Act.

- [x] in person
- [ ] by certified mail, returned receipt # ____________ requested
- [ ] by regular mail
- [ ] Attached is a credible fear worksheet.
- [x] Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the Spanish language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

____________________
*(Signature of Respondent if Personally Served)*

#5267 Deportation Officer
*(Signature and Title of officer)*

EOIR – 2 of 4

## Privacy Act Statement

**Authority:**
The Department of Homeland Security through U.S. Immigration and Customs Enforcement (ICE), U.S Customs and Border Protection (CBP), and U.S. Citizenship and Immigration Services (USCIS) are authorized to collect the information requested on this form pursuant to Sections 103, 237, 239, 240, and 290 of the Immigration and Nationality Act (INA), as amended (8 U.S.C. 1103, 1229, 1229a, and 1360), and the regulations issued pursuant thereto.

**Purpose:**
You are being asked to sign and date this Notice to Appear (NTA) as an acknowledgement of personal receipt of this notice. This notice, when filed with the U.S. Department of Justice's (DOJ) Executive Office for Immigration Review (EOIR), initiates removal proceedings. The NTA contains information regarding the nature of the proceedings against you, the legal authority under which proceedings are conducted, the acts or conduct alleged against you to be in violation of law, the charges against you, and the statutory provisions alleged to have been violated. The NTA also includes information about the conduct of the removal hearing, your right to representation at no expense to the government, the requirement to inform EOIR of any change in address, the consequences for failing to appear, and that generally, if you wish to apply for asylum, you must do so within one year of your arrival in the United States. If you choose to sign and date the NTA, that information will be used to confirm that you received it, and for recordkeeping.

**Routine Uses:**
For United States Citizens, Lawful Permanent Residents, or individuals whose records are covered by the Judicial Redress Act of 2015 (5 U.S.C. § 552a note), your information may be disclosed in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a(b), including pursuant to the routine uses published in the following DHS systems of records notices (SORN): DHS/USCIS/ICE/CBP-001 Alien File, Index, and National File Tracking System of Records, DHS/USCIS-007 Benefit Information System, DHS/ICE-011 Criminal Arrest Records and Immigration Enforcement Records (CARIER), and DHS/ICE-003 General Counsel Electronic Management System (GEMS), and DHS/CBP-023 Border Patrol Enforcement Records (BPER). These SORNs can be viewed at https://www.dhs.gov/system-records-notices-sorns. When disclosed to the DOJ's EOIR for immigration proceedings, this information that is maintained and used by DOJ is covered by the following DOJ SORN: EOIR-001, Records and Management Information System, or any updated or successor SORN, which can be viewed at https://www.justice.gov/opcl/doj-systems-records. Further, your information may be disclosed pursuant to routine uses described in the abovementioned DHS SORNs or DOJ EOIR SORN to federal, state, local, tribal, territorial, and foreign law enforcement agencies for enforcement, investigatory, litigation, or other similar purposes.

For all others, as appropriate under United States law and DHS policy, the information you provide may be shared internally within DHS, as well as with federal, state, local, tribal, territorial, and foreign law enforcement; other government agencies; and other parties for enforcement, investigatory, litigation, or other similar purposes.

**Disclosure:**
Providing your signature and the date of your signature is voluntary. There are no effects on you for not providing your signature and date; however, removal proceedings may continue notwithstanding the failure or refusal to provide this information.

**U.S. Department of Homeland Security** **Continuation Page for Form** I-862

| Alien's Name | File Number | Date |
|---|---|---|
| AJTZAC-OSORIO, LUIS DAVID | 246 879 976<br>Event No: BOS2509001362 | 09/19/2025 |

THE SERVICE ALLEGES THAT YOU:

---

6. You are an immigrant not in possession of a valid unexpired passport, or other suitable travel document, or document of identity and nationality.

ON THE BASIS OF THE FOREGOING, IT IS CHARGED THAT YOU ARE SUBJECT TO REMOVAL FROM THE UNITED STATES PURSUANT TO THE FOLLOWING PROVISION(S) OF LAW:

---

212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended, in that you are an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.

212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (Act), as amended, as an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under the regulations issued by the Attorney General under section 211(a) of the Act.

| Signature | Title |
|---|---|
| A 8590 CABALLERO | (a) SDDO |

# Exhibit 9

September 19, 2025

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
National Benefits Center
P.O. Box 25920
Overland Park, KS 66225

U.S. Citizenship and Immigration Services

LUIS DAVID AJTZAC OSORIO
c/o ONDINE GALVEZ SNIFFIN
LAW OFFICE OF ONDINE G SNIFFIN
11 S. ANGELL ST. 495
PROVIDENCE, RI 02906

MSC2490467146

RE: LUIS DAVID AJTZAC OSORIO
I-360, Petition for Amerasian, Widow(er), or Special Immigrant

A246-879-976

## TERMINATION NOTICE

Dear LUIS AJTZAC OSORIO:

**Termination of Special Immigrant Juvenile Deferred Action**

This letter serves as notification that U.S. Citizenship and Immigration Services (USCIS) has individually reviewed your case and exercised discretion to terminate your period of deferred action, which began on May 8, 2024, in connection with your approved Form I-360, Petition for Amerasian, Widow(er) or Special Immigrant Juvenile (SIJ). USCIS approved your Form I-360, which granted you SIJ classification on May 8, 2024, and it remains approved.

Deferred action is a discretionary determination, however, to defer immigration enforcement action against an individual as an act of prosecutorial discretion. You may not appeal or move to reopen/reconsider this decision.

**Notice of Intent to Revoke Deferred Action-Based Employment Authorization**

**If you have been granted employment authorization based on deferred action pursuant to 8 CFR 274a.12(c)(14), and your employment authorization has not automatically terminated as set forth in 8 CFR 274a.14(a) the following applies to you:**

Consistent with 8 CFR 274a.14(b), USCIS provides this notice of intent to revoke your deferred action-based employment authorization under 8 CFR 274a.12(c)(14). USCIS intends to revoke your employment authorization because the condition upon which your employment authorization was granted no longer exists as your period of deferred action has been terminated. See 8 CFR 274a.14(b)(1)(i).

By operation of this notice, your unexpired deferred action-based employment authorization will be revoked 15 days from the date of this notice unless you submit countervailing evidence that you continue to have deferred action through the expiration date on your Employment Authorization Document. You may submit countervailing evidence by uploading it to your myUSCIS online account before October 6, 2025. See 8 CFR 274a.14(b)(2) or by mailing it to the address below by October 7, 2025.

Mail your countervailing evidence and a copy of this letter to:

**U.S. Department of Homeland Security**
P.O. Box 648004
Lee's Summit, MO 64002

For express delivery, mail your countervailing evidence and a copy of this letter to:

**USCIS National Benefits Center**
Attention: Adjudication – Ancillaries
850 NW Chipman Rd., Suite 5000
Lee's Summit, MO 64063

The timely submission of countervailing evidence does not impact the termination of your period of deferred action described above. Any decision to revoke your EAD is final, and no appeal shall lie from the decision to revoke an EAD. See 8 CFR 274a.14(b)(2). If you work without authorization, you are in violation of the law.

Rose M. Kendrick
Acting Director
Officer: OA0057

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: September 30, 2025

/s/ Alexandra Peredo Carroll

Alexandra Peredo Carroll, BBO # 667400
Mabel Center for Immigrant Justice
200 Portland Street, 5th Floor
Boston, MA 02114
Tel. 617-417-4325